Andrew B. Downs, SBN 111435
E-mail: andy.downs@bullivant.com
BULLIVANT HOUSER BAILEY PC
101 Montgomery Street, Suite 2600
San Francisco, CA 94104
Telephone: 415.352.2700
Facsimile: 415.352.2701

Attorneys for Plaintiff United Specialty Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, a corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLEAN & SOBER MEDIA, LLC, a Limited Liability Company; RICHARD TAITE, an individual; GRASSHOPPER HOUSE, LLC, a Limited Liability Company,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTIONAL ALLEGATIONS

1. The court has diversity jurisdiction over this action because it is between citizens of different states and the amount in controversy exceeds $75,000 as shown below.

2. Plaintiff United Specialty Insurance Company ("United Specialty") is a Delaware corporation with its principal place of business in Texas. For purposes of diversity jurisdiction it is a citizen of both Delaware and Texas.

3. Defendant Clean & Sober Media, LLC ("Clean & Sober") is a California Limited Liability Company. Its sole member is Richard Taite, a natural person resident in California. Its principal place of business is in Los Angeles

– 1 –

Case 2:20-cv-02765 Document 1 Filed 03/25/20 Page 2 of 8 Page ID #:2

County, California. For purposes of diversity jurisdiction, Clean & Sober is a citizen of California.

4. Defendant Richard Taite ("Taite") is a natural person resident in California. For purposes of diversity jurisdiction, Taite is a citizen of California.

5. Defendant Grasshopper House, LLC ("Grasshopper") is a California Limited Liability Company. Its sole member is Pax Prentiss, a natural person resident in California. For purposes of diversity jurisdiction, Grasshopper is a citizen of California.

6. This action involves a request for a declaratory judgment regarding United Specialty's rights and obligations under a liability insurance policy issued to Clean & Sober. Clean & Sober and Taite seek a defense and indemnity from United Specialty in connection with claims by Grasshopper which seek in excess of $50,000,000 in damages based upon its filings in the prior federal action. Thus the amount in controversy is well in excess of $75,000 exclusive of interest and costs.

## COUNT 1: DECLARATORY RELIEF (No Coverage)

7. United Specialty realleges and incorporates by reference as if set forth in full at this point each and every allegation contained in paragraphs 1 through 6.

8. Commencing on December 30, 2013 and continuing through December 30, 2016, United Specialty issued a series of insurance policies to Clean & Sober for successive one year periods. Copies of those policies are attached as Exhibits A, B, and C.

9. On or about February 2, 2018 Grasshopper filed an action in this court entitled "*Grasshopper House, LLC v. Clean & Sober Media, LLC*" which action is case number 2:18-cv-00923-SVW-RAO in this court (the "federal action"). A copy of the original Complaint in the federal action is attached as

– 2 –
COMPLAINT FOR DECLARATORY RELIEF

Exhibit D. A copy of the First Amended Complaint in the federal action is attached as Exhibit E.

10. The court in the federal action declined to exercise supplemental jurisdiction over state law claims. The remaining claims were tried and went to judgment. Copies of the Verdict and Findings of Fact and Conclusions of Law, as amended, are attached as Exhibits F and G. Appeals are presently pending before the United States Court of Appeals for the Ninth Circuit.

11. On or about December 20, 2019 Grasshopper filed a suit on its state law claims in the Superior Court of the State of California for the County of Los Angeles entitled "*Grasshopper House, LLC v. Clean & Sober Media, LLC, et al.*" bearing case number 19SMCV02184 (the "state complaint"). A copy of that complaint is attached as Exhibit H.

12. Clean & Sober and Taite have sought a defense and indemnity from United Specialty in connection with both the federal action and the state complaint.

13. The 2014-2016 United Specialty policies provide coverage only for suits seeking damages from Clean & Sober and Taite. The policies provide:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.
>
> . . .
>
> We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.

The claims alleged by Grasshopper do not seek damages for bodily injury or property damage. Some may allege personal and advertising injury, but as detailed below, not personal and advertising injury covered by any of the United Specialty

policies.

14. The 2013-2014 United Specialty policy provides coverage for bodily injury and property damage liability, but does not provide any coverage for personal and advertising injury liability.

15. The claims for violations of Business & Professions Code §§ 17200 and 17500 do not seek damages because damages are not recoverable for violation of either of those code sections.

16. The United Specialty policies define "personal and advertising injury" as follows:

> "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
> 
> a. False arrest, detention or imprisonment;
> 
> b. Malicious prosecution;
> 
> c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord; or lessor; or
> 
> d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services.

17. The United Specialty policies exclude claims for personal and advertising injury by insureds in Media and Internet Type Businesses. They provide:

> This insurance does not apply to:

. . .

    **j.**    **Insureds In Media And Internet Type Businesses**

"Personal and advertising injury" committed by an insured whose business is:

    **(1)**    Advertising, broadcasting, publishing or telecasting;

    **(2)**    Designing or determining content of websites for others; or

    **(3)**    An Internet search, access, content or service provider.

However, this exclusion does not apply to Paragraphs **14.a., b.** and **c.** of "personal and advertising injury" under the Definitions Section. For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for you or others anywhere on the Internet, is not by itself, considered the business of advertising, broadcasting, publishing or telecasting.

18. Clean & Sober and Taite were in the business of publishing thus the Media and Internet exclusion eliminates all coverage they might otherwise have for any conduct which did constitute personal and advertising injury.

19. The United Specialty policies also exclude coverage for claims based upon the first publication of material prior to the policy period:

This insurance does not apply to:

. . .

    **c.**    **Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

20. The publications at issue were first made no later than 2011, which is before the first United Specialty policy providing personal and advertising injury coverage was issued.

21. The United Specialty policies cover only liability for damages for bodily injury, property damage, or, in the case of the 2014-2016 policies, personal and advertising injury. No claims for bodily injury or property damage were alleged by Grasshopper. The only claims alleged by Grasshopper which might constitute personal and advertising injury are not covered (a) because of the Media and Internet exclusion; and/or (b) because they do not seek and cannot seek damages; and/or (c) because they are based on material first published before December 30, 2014.

22. Grasshopper also seeks punitive damages. California Insurance Code § 533 prohibits United Specialty from indemnifying Clean & Sober and/or Taite for any liability they may have for punitive damages.

23. Accordingly, the United Specialty policies provide no coverage for the claims alleged against Clean & Sober and Taite in both the federal action and the state court suit.

24. A real and justiciable controversy exists between United Specialty and defendants, and each of them, in that United Specialty contends it as no obligation to defend or indemnify Clean & Sober and Taite in connection with the Grasshopper federal action and state court action, while Clean & Sober and Taite seek a defense and indemnity. Grasshopper is joined as a defendant pursuant to *Shapiro v. Republic Indem. Co.*, 52 Cal.2d 437, 439-40 (1959).

25. United Specialty seeks a declaratory judgment that it has no duty to defend or indemnify Clean & Sober and Taite in connection with the federal action and the state court complaint.

WHEREFORE, United Specialty seeks judgment as set forth below.

**COUNT 2: DECLARATORY RELIEF (Number of Policies Implicated)**

26. United Specialty realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 6 and 8 through 12.

27. Each of the United Specialty policies extends coverage only as follows:

> This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

28. Even if there otherwise is coverage, each of the United Specialty policies provides coverage only to the extent there is a distinct and separate offense committed during that particular policy period. The offense on which Grasshopper bases its claims is a single offense which, at best, implicates only one policy.

29. A real and justiciable controversy exists between United Specialty and defendants, and each of them, in that United Specialty contends that if there is coverage, no more than one policy is implicated, while defendants disagree. Grasshopper is joined as a defendant pursuant to *Shapiro v. Republic Indem. Co.*, 52 Cal.2d 437, 439-40 (1959).

30. In the alternative, United Specialty seeks a declaratory judgment that, in the event there is coverage, only one of the policies issued by it provides coverage.

WHEREFORE, United Specialty Insurance Company prays for judgment as follows:

1. For a declaration that it has no duty to defend or indemnify Clean & Sober and Taite in connection with the federal action and the state court complaint;

2. In the alternative, for a declaration that in the event there is coverage, only one of the policies issued by it provides coverage;

3. For costs of suit; and

4. For such other relief as is appropriate.

DATED:  March 25, 2020

                            BULLIVANT HOUSER BAILEY PC

                            By */s/ Andrew B. Downs*
                                  Andrew B. Downs

                            Attorneys for Plaintiff United Specialty Insurance Company

## DEMAND FOR TRIAL BY JURY

Plaintiff United Specialty Insurance Company demands a trial by jury of all issues triable to a jury.

DATED:  March 25, 2020

                            BULLIVANT HOUSER BAILEY PC

                            By */s/ Andrew B. Downs*
                                  Andrew B. Downs

                            Attorneys for Plaintiff United Specialty Insurance Company

4849-9956-9079.1